IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00513-GPG

JAMES FAIRCLOTH, Individually and on behalf of Those Similarly Situated,
EDDIE HIMES, Individually and on behalf of Those Similarly Situated,
CHARLES CAMPBELL, Individually and on behalf of Those Similarly Situated,
MARK BRESQKO, Individually and on behalf of Those Similarly Situated,
FELIZ LUJAN, Individually and on behalf of Those Similarly Situated, and
MARK ATKERSON, Individually and on behalf of Those Similarly Situated,

   Plaintiffs,

v.

COLORADO DEPT. OF CORRECTIONS,
RICK RAEMISCH, Official and Individual Capacities,
ROGER WERHOLTZ, Official and Individual Capacities,
TONY CAROCHI, Official and Individual Capacities,
ARISTEDES ZAVARAS, Official and Individual Capacities,
JOE ORTIZ, Official and Individual Capacities,
JOHN SUTHERS, Official and Individual Capacities,
STATE OF COLORADO,
GOVERNOR OF COLORADO, John Hickenlooper, Official and Individual Capacities,
CDOC DIRECTOR OF CLINICAL SERVICES, Official and Individual Capacities,
CDOC CLINICAL SERVICES MANAGEMENT, Official and Individual Capacities,
CDOC OFFICE OF LEGAL SERVICES, [AIC], J. RUSSELL, Official and Individual
      Capacities,
CTCF H.S.A., Brian Hoffman, Official and Individual Capacities,
DR. M. WIENPAHL, Official and Individual Capacities, and
DR. BOYD, Official and Individual Capacities,

Defendants.

---

ORDER OF DISMISSAL

---

Magistrate Judge Gordon P. Gallagher entered an order, on March 2, 2016, directing Plaintiffs Eddie Himes, Charles Campbell, Mark Bresqko, Felix Lujan, and Mark Atkerson to each file their own Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and certified trust fund account statements for the six months immediately preceding the filing of the instant action. Magistrate Judge Gallagher also directed Plaintiffs to submit their claims on a Court-approved form. Plaintiffs were warned that the action would be dismissed without further notice if they failed to cure the deficiencies within thirty days. For the reasons stated below, Plaintiffs Mark Atkerson, Felix Lujan, Mark Bresqko, and Charles Campbell will be dismissed from the action.

First, the Court notes that Plaintiff James Faircloth filed a Motion for Leave for Permission to Communicate with the other Parties . . . to Accomplish Court's Order," ECF No. 11. Mr. Faircloth asks that the Court compel the Colorado Department of Corrections and the Corrections Corporation of America to facilitate communication between the named plaintiffs in this action so they can cure the deficiencies noted in the March 2 Order. Mr. Faircloth specifically claims he attempted to have 28 U.S.C. § 1915 forms, which he had "customized," either faxed or emailed to Plaintiffs Hines, Campbell, and Bresqko at other prison facilities.

Mr. Faircloth's Motion for Permission to Communicate will be denied for the following reasons. Each named Plaintiff was sent a copy of the March 2, 2016 Order to Cure Deficiencies. Each Plaintiff was instructed on how to obtain a Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form and told the date by which they needed to provide the § 1915 form to the Court.

The § 1915 forms received by the Court on March 15, 2016, for Plaintiffs Himes, Campbell, Lujan, Atkerson, and Bresqko are deficient.   First, the forms have been s/ for Plaintiffs Himes, Campbell, and Bresqko and do not contain an original signature as required under Fed. R. Civ. P. 11(a) (pleading must be signed "personally" if the party is unrepresented).   Second, the customized § 1915 forms for Plaintiffs Himes, Campbell, and Bresqko also are not dated and do not have a certified account statement attached to the form.   Furthermore, the customized form submitted for Plaintiff Lujan does not contain a proper Authorization for disbursement of funds from his inmate account. Finally, Plaintiffs Lujan and Atkerson have failed to submit certified account statements.

Mr. Faircloth concedes that he "customized" the § 1915 forms that were submitted to the Court and it appears he has s/ the forms for Plaintiffs Himes, Campbell, and Bresqko.   Mr. Faircloth also has filed various other letters, motions, and even the Amended Complaint, which he has either signed himself or has s/ other Plaintiff's signatures.   Mr. Faircloth's actions indicate he is attempting to litigate this action on other Plaintiffs' behalf.     Mr. Faircloth may not legally represent another inmate.   *See Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009).

The Court mailed a copy of the March 2, 2016 Order to Cure Deficiencies to all Plaintiffs and the orders sent to each plaintiff were not returned to the Court.   The Court notes that at least one Plaintiff, Mr. Hines, complied with the March 2, 2016, and filed a proper 28 U.S.C. § 1915 Motion and Affidavit.   The other Plaintiffs Campbell, Bresqko,

Lujan, and Atkerson, however, have failed to cure the noted deficiencies, and therefore, will be dismissed from the action for failure to comply with the Court's March 2, 2016 Order.

Because only Mr. Faircloth and Mr. Himes remain as plaintiffs in this action, they will be directed to submit a Second Amended Complaint that includes only claims that pertain to them.   The Court also will deny all motions for injunctive relief with leave to refile for Mr. Faircloth and Mr. Himes to address only the issues that pertain to them.

It also has come to the attention of the Court that Mr. Faircloth's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 3, is deficient.   Mr. Faircloth's § 1915 Motion does not include an Authorization for disbursement of funds. Mr. Faircloth will be directed to cure this deficiency.   Accordingly, it is

ORDERED that Plaintiffs Charles Campbell, Mark Bresqko, Felix Lujan, and Mark Atkerson are dismissed from the action without prejudice for failure to properly cure the deficiencies within the time allowed.   It is

FURTHER ORDERED that remaining Plaintiffs James Faircloth and Eddie Himes are directed to file a Second Amended Complaint that addresses claims, which only pertain to them.   It is

FURTHER ORDERED that Plaintiffs James Faircloth and Eddie Himes shall obtain a Prisoner Complaint form, (with the assistance of their case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. A Court-approved form must be used to file a Second Amended Complaint.   It is

FURTHER ORDERED that Plaintiff James Faircloth is directed to cure the noted deficiency in his Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   It is

FURTHER ORDERED that Plaintiff James Faircloth shall obtain a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   A Court-approved form must be used to cure this deficiency.   It is

FURTHER ORDERED that Plaintiff James Faircloth's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 3, is denied as deficient.   It is

FURTHER ORDERED that the Motion for Service, ECF No. 20, is denied as premature.   It is

FURTHER ORDERED that Plaintiff James Faircloth's   Motion for Permission to Communicate, ECF No. 11, the Prisoner's Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF Nos. 12-16, the Motion for Leave to Proceed In Excess of Page and Word Limit, ECF No. 17, the Motion for Court's Order to Mail Signature Page, ECF No. 27, are denied as moot, and all motions for injunctive relief and motions to supplement, ECF Nos. 9, 24, 25, 28, and 30, in part, are denied as moot.   It is

FURTHER ORDERED that all motions for injunctive relief and motions to supplement, ECF Nos. 9, 24, 25, 28, and 30, to the extent they are not moot, are denied with leave to refile as one request, which pertains only to Plaintiffs Faircloth's and Hime's claims.   It is

FURTHER ORDERED that the only proper filings at this time are a Second Amended Prisoner Complaint, a request for injunctive relief as appropriate, and Mr. Faircloth's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   Any other pleadings will not be considered and will be subject to being stricken.

DATED at Denver, Colorado, this   11th   day of    April   , 2016.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court